**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**SHANA THOMAS**

      **Plaintiff,**

**v.**                                  **Case No.: 3:12cv105/MCR/CJK**

**AETNA LIFE INSURANCE
COMPANY,**

      **Defendant.**

_____/

## <u>ORDER</u>

      The plaintiff, Shana Thomas, filed this action in Okaloosa County Circuit Court, asserting claims for breach of contract and bad faith. The defendant, Aetna Life Insurance Company ("Aetna"), removed the action to this court pursuant to 28 U.S.C. § 1331. Shortly thereafter, Aetna filed a motion to dismiss the plaintiff's complaint (doc. 8), arguing that the plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The plaintiff did not respond to Aetna's motion to dismiss; instead, she filed a motion to remand the matter to the state court from which it was removed, insisting that her claims pertain to the "payment of benefits," rather than "entitlement to benefits," and thus are not preempted by ERISA (doc. 15). Both motions are currently pending before the court. Having carefully reviewed the motions, as well as the plaintiff's complaint, the court finds that Aetna's motion to dismiss should be granted and the plaintiff's motion to remand should be denied.

      According to the plaintiff's complaint, she was insured under a major medical policy issued by Aetna, bearing policy number W10996783701. On September 6, 2006, the plaintiff was diagnosed with ruptured silicone gel-filled breast implants; immediate surgery was recommended. The plaintiff contacted Aetna to determine whether the procedure would be covered under her plan. Aetna informed her that the surgery would be covered

if it was medically necessary. The plaintiff thus contacted Dr. William Burden of the Destin Surgery Center ("DSC") to schedule the surgery. She was told that she would be required to make full payment for the surgery in advance of the procedure and seek reimbursement from her health insurer. The plaintiff tendered full payment in the amount of $7,150, and the surgery was performed on October 4, 2006. One week after her surgery, the plaintiff submitted a claim to Aetna, seeking reimbursement for the full amount she paid DSC. Aetna initially denied the plaintiff's claim, finding that the diagnosis did not meet coverage criteria. The plaintiff appealed the denial, and Aetna reversed its decision and approved the plaintiff's claim. However, Aetna informed the plaintiff that Dr. Burden and DSC were network providers with whom Aetna had pre-negotiated rates and that her claim had been processed at the pre-negotiated rate of $1,267.50. After deducting the plaintiff's co-insurance, which was $126.75, Aetna agreed to reimburse the plaintiff $760 for the procedure and advised the plaintiff that the balance of the pre-negotiated fee was the provider's responsibility and should be refunded to her. The plaintiff filed this lawsuit, asserting claims for breach of contract and bad faith based on Aetna's refusal to reimburse her for the full amount she paid DSC.

Because it raises a jurisdictional issue, the court first considers the plaintiff's motion to remand. *See, e.g., Fields v. Travelers Indem. Co.*, No. 2:08cv155, 2008 WL 2225756, at *1 (M.D. Ala. May 28, 2008) ("Although the Motion to Dismiss was filed before the Motion to Remand, the court's analysis begins with the threshold jurisdictional question raised by the Motion to Remand. In the absence of federal jurisdiction, the court lacks the power to decide the Motion to Dismiss and must remand the action to state court without reaching the question of whether [the plaintiff] has failed to state a bad faith claim against [the defendant]."). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . ." *Id.* District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, determining whether a particular case arises under federal law turns on the well-pleaded complaint rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)

(internal marks omitted).  In other words,

> whether a case is one arising under the Constitution or a law
> or treaty of the United States, in the sense of the jurisdictional
> statute[,] ... must be determined from what necessarily appears
> in the plaintiff's statement of his own claim in the bill or
> declaration, unaided by anything alleged in anticipation of
> avoidance of defenses which it is thought the defendant may
> interpose.

*Id.* (internal marks omitted).  Thus, "the existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."  *Id.* (internal marks and citations omitted) (emphasis in original).  There is an exception to this rule, however, that applies "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," in which case the state law claim may properly be removed.  *Id.* (internal marks omitted).  "This is so because [w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."  *Id.* at 207-08 (internal marks omitted).  ERISA is one such statute. *Id.*

"Congress enacted ERISA to 'protect ... the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'"  *Id.* (quoting 29 U.S.C. § 1001(b)).  "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.  To this end, ERISA includes expansive pre-emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern."  *Id.* (internal marks omitted).  "ERISA's comprehensive legislative scheme includes an integrated system of procedures for enforcement."  *Id.* (internal marks omitted). "This integrated enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a), is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating

a comprehensive statute for the regulation of employee benefit plans."[1]  *Id.*  "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Id.* at 209.  ERISA's preemptive effect is so sweeping that it converts state law causes of action into federal ones for purposes of determining whether the claims were properly removed.  *Id.*  "Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court."  *Id.* (internal marks omitted).

According to § 502(a)(1)(B), "[a] civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  "This provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits."  *Davila*, 542 U.S. at 210.  "A participant or beneficiary can also bring suit generically to enforce his rights under the plan, or to clarify any of his rights to future benefits."  *Id.* (internal marks omitted).  "It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal)

---

[1]  As the Supreme Court observed,

> [t]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted . . . provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.

*Id.* at 208-09 (internal marks and citations omitted) (emphasis in original).

Case No: 3:12cv105/MCR/CJK

independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B)." *Id.* (internal marks omitted). "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.*

In order for a court to find complete or super preemption, four elements must be satisfied. "First, there must be a relevant ERISA plan. Second, the plaintiff must have standing to sue under that plan. Third, the defendant must be an ERISA entity. Finally, the complaint must seek compensatory relief akin to that available under § [502(a)(1)(b)]. . . ." *Johnson v. Unum Provident*, 363 Fed. Appx. 1, 2 (11th Cir. 2009) (internal marks omitted). As the Eleventh Circuit explained, "[f]ederal courts have subject-matter jurisdiction over state-law claims that have been superpreempted. . . ." *Id.* (internal marks omitted). "Even if a claim is not subject to super preemption, it may be subject to defensive preemption,'" which "does not confer federal subject-matter jurisdiction over the claim, but . . . provides an affirmative defense that requires a federal court to dismiss the preempted state-law claim." *Id.* "Defensive preemption arises when claims "seek relief under state-law causes of action that 'relate to' an ERISA plan." *Id.* (internal marks omitted). In this case, the defendant argues that the plaintiff seeks benefits under an ERISA plan and that her claims therefore are completely preempted. The court agrees.

To determine whether a plaintiff's causes of action fall within ERISA's scope and thus are preempted, courts examine the complaint, the statute on which the claims are based, and the plan documents. *Davila*, 542 U.S. at 211. The plaintiff alleges in her complaint that she was "insured under Defendant, Aetna Life Insurance Company's . . . major medical policy no.: W10996783701 coverage type carrier, PPO." She also alleges that she submitted a claim for reimbursement for "Periprosthetic Capsulectomy Breast Uni 2x" and that her claim initially was denied and then was approved. The plaintiff complains that the defendant reimbursed her only the pre-negotiated rate for the procedure, which was less than what she paid the provider. Although it is not clear from the plaintiff's complaint that she was insured under an ERISA plan, she concedes in her motion to

remand that she is a "member of Aetna's insurance under her employee 'welfare benefit plan' through her employer 'SmithKline Beecham Corporation.'" In other words, the plaintiff concedes that she was insured under an ERISA plan.[2]  The first factor for complete preemption therefore is satisfied.  Turning to the second factor, as a potential beneficiary of the plan, the plaintiff plainly has standing to sue under it.  *See Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212-13 (11th Cir. 1999).  And because an ERISA plan is at issue and the defendant is an administrator of that plan, the third factor likewise is met.  *See id.* at 1213.  It is the fourth factor that principally is at issue in this case.  The plaintiff argues that her claims are not pre-empted because they pertain to the "amount of payment" rather than her right to benefits under the plan.  Regardless of the manner in which the plaintiff characterizes here claims, she plainly seeks benefits under the plan and could have brought her claims under § 502(a)(1)(B).  She also has not alleged a breach of duty independent of the plan.  The court thus finds that the plaintiff's claims are completely preempted by ERISA.  *See, e.g., Fetterhoff v. Liberty Life Assur. Co.,* 282 Fed. Appx. 740, 743 (11th Cir. 2008) (holding that any state-law claim of bad faith or breach of contract was completely preempted by ERISA); *Gilbert v. Alta Health & Life Ins. Co.*, 276 F.3d 1292 (11th Cir. 2001) (holding that Alabama's tort of bad faith refusal to pay is not saved from preemption by ERISA's savings clause); *Swerhun v. Guardian Life Ins. Co. of Am.*, 979 F.2d 195, 199 (11th Cir.1992) (holding that bad faith claims under Florida Statutes § 624.155 are preempted by ERISA).  Accordingly, the defendant's motion to dismiss (doc. 8) is **GRANTED** and the plaintiff's motion to remand (doc. 15) is **DENIED**. *See Johnson*, 363 Fed. Appx. at 3 (affirming dismissal of plaintiff's breach of contract claim on the basis of complete ERISA preemption); *see also Ashcroft v. Iqbal*, 556 U.S. 662

---

[2] To the extent there is any ambiguity, the court notes that the plan documents, pertinent provisions of which are attached to the defendant's motion to dismiss, make it clear that the plaintiff was insured under an ERISA plan and that Aetna was a plan administrator.  *See In re Coca-Cola Enters., Inc. ERISA Litigation*, No. 1:06cv953, 2007 WL 1810211, at *1 fn.2 (N.D. Ga. June 20, 2007) (citing *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 (11th Cir. 2006), for the proposition that "it is proper to consider ERISA plan documents on a motion to dismiss because the Complaint references them and they are central to the Plaintiffs' claims").

(2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

 **DONE AND ORDERED** this 16th day of January, 2013.


    s/ *M. Casey Rodgers*
    **M. CASEY RODGERS**
    **CHIEF UNITED STATES DISTRICT JUDGE**

Case No: 3:12cv105/MCR/CJK